2023 PA Super 225

| | | |
|---|---|---|
| PG PUBLISHING COMPANY, INC., AND THE BUTLER EAGLE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PITTSBURGH TYPOGRAPHICAL UNION #7 (CWA LOCAL 14827); | : | No. 1300 WDA 2022 |
| PITTSBURGH NEWPAPER PRINTING PRESSMAN/PAPER HANDLERS UNION #9 (TEAMSTERS LOCAL 24M/9N); PITTSBURGH MAILERS UNION #22 (CWA LOCAL 14842); AND NEWSPAPER, NEWSPRINT, MAGAZINE AND FILM DELIVERY DRIVERS, HELPERS, AND HANDLERS (TEAMSTERS #205/211); NEWSPAPER GUILD OF PITTSBURGH LOCAL #38061; DON MCCONNELL, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS THE PITTSBURGH TYPOGRAPHICAL UNION #7 (CWA LOCAL 14827) PRESIDENT; CHRISTOPHER V. LANG, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS THE PITTSBURGH NEWS PRINTING PRESSMAN/PAPER HANDLERS UNION #9 (TEAMSTER LOCAL 24M/9N) PRESIDENT; JOHN A. CLARK, JR., IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS THE PITTSBURGH MAILERS UNION #22 (CWA LOCAL 14842) PRESIDENT; EDWARD A. BOEHM, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS THE NEWSPAPER, NEWSPRINT, MAGAZINE AND FILM DELIVERY DRIVERS, HELPERS, AND HANDLERS (TEAMSTERS #205/211) PRESIDENT; ZACHARY L. TANNER, IN HIS | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |

INDIVIDUAL CAPACITY AND IN HIS          :
CAPACITY AS THE NEWSPAPER               :
GUILD OF PITTSBURGH LOCAL               :
#38061 PRESIDENT; JOSEPH                :
BAKER; MARCY RUBIN; ROBERT              :
BOYLE; AND ALL OTHERS                   :
CONSPIRING, ACTING IN CONCERT           :
OR OTHERWISE PARTICIPATING              :
WITH THEM OR ACTING IN THEIR            :
AID OR BEHALF                           :

Appellants

Appeal from the Order Entered November 1, 2022
In the Court of Common Pleas of Butler County Civil Division at No(s):
AD-2022-10850

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

DISSENTING OPINION BY McLAUGHLIN, J.:     **FILED: November 6, 2023**

I respectfully disagree with the Majority that the Labor Unions and various members of those unions ("Labor Unions") caused a seizure or damage with "the intention of compelling [PG Publishing Company ("Post-Gazette")] to accede to any demands, conditions, or terms of employment, or for collective bargaining." ***See*** 43 P.S. § 206d. Therefore, I would find that the trial court erred in issuing a permanent injunction.

Under the Labor Anti-Injunction Act, a court lacks jurisdiction to issue an injunction in a case included under the Act unless certain exceptions apply. The exceptions include where the union has seized or damaged property of

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

the employer with the intent of compelling the employer to accede to demands:

> No court of this Commonwealth shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case included within this act, except in strict conformity with the provisions of this act, nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this act. Exclusive jurisdiction and power to hear and determine all actions and suits coming under the provisions of this act, shall be vested in the courts of common pleas of the several counties of this Commonwealth: Provided, however, That this act shall not apply in any case—
>
> ***
>
> (d) Where in the course of a labor dispute as herein defined, an employe, or employes acting in concert, or a labor organization, or the members, officers, agents, or representatives of a labor organization or anyone acting for such organization, seize, hold, damage, or destroy the plant, equipment, machinery, or other property of the employer with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining.

43 P.S. § 206d(d).

Here, I would find that the Labor Unions did not seize the property. That the vehicles were briefly delayed in exiting the facility by a small group does not constitute a seizure. *Cf. Carnegie-Ill. Steel Corp. v. United Steelworkers of Am.*, 45 A.2d 857, 859, 861-62 (Pa. 1946) (affirming preliminary injunction where, among other things, that 100 to 200 picketers standing three deep and extending across the gate and blocking entrance to plant); *Fountain Hill Underwear Mills v. Amalgamated Clothing*

- 3 -

*Workers' Union of Am.*, 143 A.2d 354, 356, 357-59 (Pa. 1958) (finding a Section 206(d) exception applied where two hundred picketers obstructed the sole entrance to the plant and prevented employees from entering the building and numerous acts of violence occurred); *Turner Constr. v. Plumbers Local 690*, 130 A.3d 47, 60-62 (Pa.Super. 2015) (finding a seizure occurred where a large rally that lasted six hours blocked the only two gates to the construction site and prevented the delivery of material and impeded the arrival of contractors scheduled to work). The Labor Unions' actions did not deprive the owner "of the use and enjoyment of the property so that it becomes utterly valueless to him." *Turner*, 130 A.3d at 60 (quoting *Westinghouse Elec. Corp. v. United Elec., Radio & Mach. Workers of Am. (CIO) Local 601*, 46 A.2d 16, 20 (Pa. 1946)).

Further, I would find any damage was not done with the "with the intention of compelling the employer to accede to any demands, conditions, or terms of employment, or for collective bargaining." *See* 43 P.S. § 206d(d). Rather, the evidence established that the damage occurred **after** members of the Labor Unions were sprayed with bear spray, mace, or a similar substance, and done in response to the chemicals, not with the intent to compel any action from the Post-Gazette. *See* N.T., 10/31/22, at 45 (stating no damage to windows and mirrors occurred until after a spray was released from the van); *id.* at 92-94, 103 (no damage occurred until after a spray was released from van). I therefore would conclude the Post Gazette did not establish a clear right to relief.

- 4 -

Because I would conclude the trial court erred in granting the injunction, I would not reach whether the injunction issued was overbroad.[1] Moreover, I would remand for further proceedings on the Labor Unions' claim regarding reasonable attorney fees and costs.

I agree with the Majority that the Post Gazette's claim the court erred because it failed to comply with Pa.R.C.P. 1531(f)(1) does not merit relief. Majority at 24-26.

Accordingly, I respectfully dissent.

---

[1] However, if I reached the issue, I would agree with the learned Majority that the injunction issued by the trial court was overbroad.